IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KIMBERLY R. ARIZMENDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-1065-O-BN |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Kimberly R. Arizmendez filed a Motion for Attorney Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, *et seq.*, on April 6, 2014. *See* Dkt. No. 26. Plaintiff's motion for attorneys' fees is before the undersigned for recommendation pursuant to Judge O'Connor's order of reference.

Plaintiff successfully appealed the denial of her claim for disability and supplemental social security income. As a result, her claim was remanded to the Commissioner, pursuant to the fourth sentence of 42 U.S.C. § 405(g), for the purpose of conducting further administrative proceedings.

Plaintiff seeks $8,688.00 in attorney fees, "plus any amount which may be necessitated by the Agency opposing this motion." Dkt. No. 26 at 8. The undersigned notes that Plaintiff did not file a reply to Defendant's Response and therefore considers $8,688.00 to be the total amount claimed by Plaintiff. Plaintiff's fee request is based on an hourly rate of $181.00 for 48 hours of work. *See id.*; Dkt. No. 26-3, ¶ 5. The Commissioner does not contest the hours stated or hourly rate but objects to Plaintiff's

request, set forth in Plaintiff's proposed order [Dkt. No. 26-8], that her attorneys' fees be made payable directly to her counsel pursuant to an assignment executed by Plaintiff. *See* Dkt. No. 28 at 1.

The Commissioner, relying on *Astrue v. Ratiff*, 560 U.S. 586 (2010), argues that all fees must be made payable to Plaintiff, although the payment instrument for the fees could be properly mailed to Plaintiff's counsel. *See* Dkt. No. 28 at 2. Despite Plaintiff's request that the fees be paid directly to counsel pursuant to an assignment from Plaintiff, the undersigned is bound by United States Supreme Court precedent to recommend that the Court direct that the attorneys' fee award in its entirety be paid directly to Plaintiff. *See Ratliff*, 560 U.S. at 589. In light of the fact that the undersigned does not know whether Plaintiff is indebted to the government and in light of the case law in this district, the undersigned concludes that the more prudent course is to follow *Ratliff*'s express holding and to require that EAJA fees be made payable to Plaintiff and not her counsel. *See Jackson v. Astrue*, 705 F.3d 527, 531 n. 11 (5th Cir. 2013) ("[T]he government pays EAJA fees directly to the litigant."); *Goin v. Colvin*, No. 3:12-cv-2471-B, 2013 WL 1797862, at *6 (N.D. Tex. Apr. 29, 2013); *Bentley v. Astrue*, No. 3:10-cv-32-L, 2011 WL 2923970, at *2 (N.D. Tex. June 15, 2011), *rec. adopted in part*, 2011 WL 2938223 (N.D. Tex. July 20, 2011). It will thereafter fall on Plaintiff to satisfy whatever obligations that she may have with respect to paying her counsel for litigating this action.

**Recommendation**

Accordingly, Plaintiff's motion for attorneys' fees under the EAJA [Dkt. No. 26] should be GRANTED in part. Plaintiff should be awarded $8,688.00 in attorneys' fees.

Defendant should be ordered to pay this amount to Plaintiff but be permitted to send the payment to Plaintiff's counsel.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 23, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE